Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000585
25-JUN-2019
08:12 AM

NO. CAAP-18-0000585

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRIENNE ANUHEA ARMITAGE, Defendant/Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(CASE NO. 5FFC-18-164)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Reifurth and Hiraoka, JJ.)

Upon review of the record in appellate court case number CAAP-18-0000585, it appears that we lack appellate jurisdiction over this appeal by self-represented Defendant-Appellant Brienne Armitage (Armitage), from Plaintiff-Appellee State of Hawaii's June 22, 2018 complaint against Armitage for abuse of a household or family·member in violation of Hawaii Revised Statutes (HRS) § 709-906 (2014 & Supp. 2018) in family court case number 5FFC-18-0000164. Therefore dismissal for lack of appellate jurisdiction is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals

are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 571-54 (2018) provides in part:

> An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided.

(Emphasis added). The law that governs the terms and conditions of appeals from circuit court criminal cases is HRS § 641-11 (2016), which provides in part that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment."

Where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (internal quotation marks and citations omitted); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) (Dismissing an appeal for lack of appellate jurisdiction where a defendant had filed a notice of appeal from an order denying the defendant's motion to dismiss an indictment, even though the circuit court later entered a judgment with a sentence, because "such an order is interlocutory and is not a final order or judgment. It is therefore not one that is appealable under HRS § 641-11."). In determining whether an order or judgment qualifies for appealability under HRS § 641-11, the Supreme Court of Hawai'i has recently "focused the inquiry on whether the relevant order terminated the proceedings in the case and left nothing further to be accomplished by the lower court." Nicol, 140 Hawai'i at 492, 403 P.3d at 269. Despite that HRS § 641-11 appears to require a sentence to perfect an aggrieved party's right to appeal, the Nicol court held that "HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice." Id. at 494, 403 P.3d at 271 (footnote omitted). At the time when Armitage

2

filed her July 23, 2018 notice of appeal, the family had not held a trial, much less announced or entered any final decision on the State's criminal complaint against Armitage in family court case number 5FFC-18-0000164.

Granted, more than eight months later, on April 9, 2019, the family court entered an order dismissing the State's case without prejudice, which was an appealable final order under the holding in Nicol. Rule 4(b)(4) of the Hawai'i Rules of Appellate Procedure (HRAP) provides that "[a] notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be deemed to have been filed on the date such judgment or order is entered." (Emphasis added). Here, at the time when Armitage filed her July 23, 2018 notice of appeal, the family court had not yet announced any appealable final decision in the underlying case. In order for a defendant to invoke HRAP Rule 4(b)(4) for a premature notice of appeal, at the time when the defendant files the premature notice of appeal, the trial court must have already announced a decision, sentence or order that will be appealable and final when the trial court reduces that announcement to a written judgment or written order.

For example, in a premature appeal from an underlying proceeding for a criminal defendant's petition for post-conviction relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (HRPP), the Supreme Court of Hawai'i held that, where a party filed his notice of appeal before the trial court's announcement of its final decision, that premature notice of appeal was a legal nullity that had no legal effect with respect to the written appealable final order that the trial court later entered:

> Grattafiori filed his notice of appeal three weeks before the circuit court entered its order denying his amended second HRPP Rule 40 petition. Nothing in the record indicates that the circuit court had entered any order (on October 15, 1993 or at any other time) prior to January 21, 1994, the date on which Grattafiori filed his notice of appeal. Similarly, the record does not reflect that the circuit court announced its decision before that date, so as

3

to enable Grattafiori's notice of appeal from the oral decision to be treated as an appeal from the subsequently filed order. Thus, we must conclude that Grattafiori's notice of appeal, dated January 21, 1994, has no legal effect, insofar as there is no jurisdictional basis upon which to file an appeal from an order that has not yet been announced or entered. See HRS § 641-11 (Supp.1992); HRPP 40(h); HRAP Rule 4(b).

We have, on a number of occasions, recognized exceptions to the requirement that notices of appeal be timely filed. See State v. Caraballo, 62 Haw. 309, 315-316, 615 P.2d 91, 96 (1980) (summarizing prior cases that recognized such exceptions). However, we have never been asked to forgive untimely appeals filed before the announcement of an oral decision subsequently ripening into an appealable written order. Specifically, we have permitted belated appeals under two sets of circumstances, namely, when (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided. Id. Clearly, neither of these exceptions applies to the facts presented herein.

We hold, therefore, that Grattafiori's January 21, 1994 notice of appeal constitutes a legal nullity because, at the time of filing, there was neither an oral decision nor a written order from which to appeal. While we treat an appeal as timely where a defendant has filed his or her notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP 4(b), we cannot do so where the court has rendered no decision whatsoever. After the circuit court entered its written order on February 14, 1994, denying the amended second HRPP Rule 40 petition, Grattafiori was entitled under HRAP 4(b) to thirty days within which to file a new notice of appeal. He failed to do so. Consequently, we are without jurisdiction to address the merits of Grattafiori's appeal.

III. CONCLUSION

Based on the foregoing, we dismiss Grattafiori's appeal for lack of appellate jurisdiction.

Grattafiori v. State, 79 Hawai'i 10, 13-14, 897 P.2d 937, 940-41 (1995) (emphases added).

Similarly in the instant case, Armitage filed her July 23, 2018 notice of appeal before the family court orally announced any final decision that could be appealable. Therefore, like the Grattafiori court, we are without jurisdiction to address the merits of Armitage's appeal.

IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000585 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, June 25, 2019.


Chief Judge


Associate Judge


Associate Judge